HAMLIN BANK AND TRUST COMPANY, PLAINTIFF, v.
W. H. DOLLAR MANUFACTURING COMPANY, DEFEND-
ANT.

[Decided September 18th, 1923.]

**Negotiable Paper—Counter-Claim of Maker Against Endorser
Cannot Be Set Off Against Bona Fide Holder for Valuable
Consideration.**

On motion to strike out a counter-claim filed by the de-
fendant.

For the motion, *French & Richards* (*Thomas R. Clevenger*).

*Contra, William E. Blackman.*

KATZENBACH, J. The above suit is founded upon a
promissory note made by the defendant, W. H. Dollar
Manufacturing Company, to the order of the Safety Sled
Company, and endorsed by the payee to the plaintiff. The
defendant has filed an answer setting up that the plaintiff
is not a holder of the note sued on in due course and did not
take the same in good faith and for value, and has also, by
way of counter-claim, set up that it holds the note of the
Safety Sled Company, drawn to its order, which is a proper
set off to the note upon which the present action is brought.
The plaintiff moves to strike out this counter-claim on the
ground that in an action by an endorsee against a maker
of a promissory note the fact that the endorser was at the
time of the making of the endorsement indebted to the
plaintiff, constitutes no defense. In the case of *Cumberland
Bank* v. *Hann*, 18 *N. J. L.* 222, this court held that in an
action upon a promissory note, endorsed to the plaintiff after
maturity, *bona fide* and for a valuable consideration, it is
no defense for the defendant, and therefore not competent
for him to prove, the fact that the endorser at the time of
making the endorsement was indebted to the defendant. This
case was decided at the May term, 1841, of the Supreme
Court. In 1878 the Court of Errors and Appeals, in the case
of *Price* v. *Keen*, 40 *Id.* 332, held that the Cumberland

Bank case had been followed for nearly forty years; that it was satisfactory to that court; and affirmed a judgment of the Supreme Court on the authority of this case.

It is unnecessary to cite other cases in this state to the same effect. They are uniform in maintaining the principle laid down in the Cumberland Bank case. The counter-claim will be struck out. An order to this effect may be presented to me.